# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDY ALLEN ESTES,
      Appellant,

        v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
PH-4324-15-0268-I-1

DATE: February 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randy Allen Estes</u>, College Park, Maryland, pro se.

<u>Marge Overly</u>, Aberdeen Proving Ground, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal claiming that the agency exerted sufficient hiring and firing influence over his private sector employment, and thus, the agency should be considered his co-employer under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). In this connection, the appellant claimed that the agency influenced his employer (The Informatics Applications Group, Inc. (TIAG), a private contractor) to remove him from his position in reprisal for engaging in protected USERRA activity. Initial Appeal File (IAF), Tab 1. The appellant also asserted that the agency removed him without providing him due process. *Id*.

¶3      After conducting a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. The administrative judge found that the agency did not exert direct control over the appellant's employment as required under *Silva v. Department of Homeland Security*, 112 M.S.P.R. 362 (2009), and therefore, the agency is not a co-employer under USERRA. Initial Decision (ID) at 4-6. Accordingly, the administrative judge dismissed the appeal without reaching the substance of the appellant's allegations. *Id*. The appellant filed a petition for

review of the initial decision, and the agency has filed a response.[2]  Petition for Review (PFR) File, Tabs 1, 3.

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant must show by preponderant evidence that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).  A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

¶5      On review, the appellant challenges the administrative judge's determination that the Board does not have jurisdiction over this appeal and he requests the opportunity for additional discovery.  PFR File, Tab 1.  Specifically, the appellant asserts that, despite filing a timely Freedom of Information Act

---

[2]  After the close of the record on review, on September 16, 2015, the appellant submitted a copy of the redacted investigative report, and on September 20, 2015, he submitted a subsequent motion to have his petition for review delayed until he received a more informative copy of the report.  PFR File, Tabs 4-5.  On September 22, 2015, the agency filed a response in which it asserts that the appellant's submissions are untimely and that he is seeking to bypass the Board's discovery regulations.  PFR File, Tab 6.   The appellant then filed two additional pleadings on December 3 and December 7, 2015, in which he submitted a copy of a letter he received in response to a Freedom of Information Act (FOIA) request and several documents which appear to have been provided to him in response to a FOIA request.  PFR File, Tabs 7-8.  On December 14, 2015, the agency filed a response to the appellant's December 3 and December 7 pleadings.  PFR File, Tab 9.  The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response.  5 C.F.R. § 1201.114(a).  For the Board to consider a party's pleading, other than one of those set forth above, the party must describe the nature and need for the pleading.  5 C.F.R. § 1201.114(a)(5). If a party wishes to submit a pleading after the record has closed, the party also must show that the evidence was not readily available before the record closed.  5 C.F.R. § 1201.114(a)(5), (k).  Thus, because the appellant failed to satisfy the foregoing criteria, we do not consider his additional pleadings filed on September 16, December 3 and December 7, and we deny his motion filed on September 20.  We consequently do not consider the agency's September 22 and December 14 submissions.

request with the agency to obtain the Investigative Officer's (IO) report of the agency's internal investigation,[3] he did not receive the IO report, and thus, he could not submit it during the proceedings below. *Id*. The appellant contends that, although the administrative judge advised him that he could have requested the IO report through the discovery process, he is pro se and he was unaware that he had this opportunity. *Id*. The appellant argues that the IO report is an important and relevant document and that he should be allowed the opportunity for additional discovery. *Id*. In response, the agency argues that the IO report is not new evidence because the appellant was notified of the investigative officer's findings in September 2014, he could have sought the IO report during discovery, and he also could have elicited information on the report from the agency's witnesses during the hearing. PFR File, Tab 3.

¶6        The appellant concedes that he did not comply with the Board's discovery procedures but he contends that his pro se status should allow him an extended period of time in which to pursue discovery. PFR File, Tab 1. However, the record reflects that the Board's March 30, 2015 Acknowledgement Order clearly apprised the parties of the availability of discovery, the Board's guidelines for engaging in discovery, and where to find the applicable regulations. IAF, Tab 2. The Board has held that, where an appellant has received specific notice of the Board's discovery procedures, but fails to comply with those procedures and, if necessary, to file a motion to compel, he has failed to exercise due diligence. *See Buscher v. U.S. Postal Service*, 69 M.S.P.R. 204, 210 (1995); *Head v. Office of Personnel Management*, 53 M.S.P.R. 421, 422 (1992) (explaining that, absent a motion to compel, the appellant failed to exercise due diligence in pursuing discovery). The Board also has held that an appellant's pro se status does not excuse the failure to understand or comply with instructions. *See Sumrall v. Department of the Air Force*, 85 M.S.P.R. 597, ¶ 13 (2000) (finding that an

---

[3] The appellant claims that the report shows that agency officials were the subject of an internal investigation related to his removal from his position. PFR File, Tab 1.

appellant's lack of sophistication in Board matters and general inability to understand instructions and procedures were insufficient to show good cause for a filing delay). Therefore, we find that the appellant has shown no error in this regard.

¶7        To the extent the appellant's arguments on review are challenging the administrative judge's determination that he failed to show that the agency is a co-employer under USERRA, the applicable law and the testimonial and record evidence support the administrative judge's determination that the agency did not have sufficient control over the employment decisions and practices of TIAG to be considered the appellant's "employer" for purposes of this Board appeal. ID at 5-6; *see Silva*, 112 M.S.P.R. 362, ¶¶ 13-15, 19-20 (citing 38 U.S.C. § 4303(4)(A) (defining employer to include entities with "control over employment opportunities")). As the administrative judge properly determined, the agency's voicing its dissatisfaction with the appellant's performance to TIAG, and the agency's demand that the appellant leave its premises did not create a co-employer relationship, especially given, for instance, that TIAG could have found work for him on other contracts if it so desired. ID at 6. Therefore, we discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.